UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC FRIMPONG, | ) | CASE NO. 4:18CV0125 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| | ) | |
| JEFF SESSIONS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Thomas M. Parker (ECF #7). On January 16, 2018, Mr. Frimpong filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention pending removal from the United States.

Petitioner, a native and citizen of Ghana, sought asylum at the United States border on January 8, 2017. (ECF #5-1 at 1). Petitioner was denied asylum and placed in the custody of Immigration and Customs Enforcement ("ICE") on January 8, 2017. *Id.* On May 25, 2017, an immigration judge ordered Petitioner removed to Ghana and on January 16, 2018 Petitioner filed a petition for writ of habeas corpus arguing that he was being held for an unreasonable amount of time pending his removal to Ghana. (ECF #7 at 1). Petitioner argued that he was being unlawfully detained and demanded Respondents release him from custody immediately. *Id.* ICE successfully removed Petitioner from the United States to Ghana on March 12, 2018. (ECF #5-1 at 1).

After reviewing the record, Magistrate Judge Parker issued his Report and Recommendation on April 2, 2018. Magistrate Judge Parker correctly found that the Court lacks subject matter jurisdiction to consider Mr. Frimpong's petition and recommended that this Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), deny Mr. Frimpong's petition for writ of habeas corpus. Magistrate Judge Parker found that a district court lacks subject matter jurisdiction over a 28 U.S.C.S. § 2241 claim if the petitioner is no longer in custody and since "a petition for writ of habeas corpus challenges a government custodian's authority to continue detaining an individual... the individual's release from custody generally moots a habeas petition." *See Prieto v. Gluch,* 913 F.2d 1159, 1162 (6th Cir. 1990); ECF #7 at 3; *Lane v. Williams,* 455 U.S. 624, 632 (1982).

Magistrate Judge Parker recommended that this Court dismiss Mr. Frimpong's petition for writ of habeas corpus because Frimpong is no longer being detained and therefore Mr. Frimpong's "sole request for relief has been rendered moot... [and] the court lacks jurisdiction over his habeas petition." (ECF #7 at 4).

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b)(3) provides this standard of review. It states, in pertinent part, the following:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of portions of reports to which timely objections have been made; it does not indicate the appropriate standard of review for portions of the report to

which no objections have properly been made. The Advisory Committee on Civil Rules commented on the standard of review stating "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted). "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to these findings." *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529

U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

After a thorough review of the Report and Recommendation and the record, this Court adopts Magistrate Judge Parker's findings and recommendation. This Court lacks subject matter jurisdiction over Mr. Frimpong's petition because he is no longer in the custody of any of the Respondents. Accordingly, Mr. Frimpong's petition for writ of habeas corpus (ECF #2) is DENIED and Respondents' Motion to Dismiss (ECF #5) is GRANTED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: May 29, 2018